UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
MAY 22 2013
PER _____
DEPUTY CLERK

JAMES FLORES,

    Plaintiff

v. : CIVIL NO. 3:CV-12-1149

PENNSYLVANIA DEPARTMENT OF : (Judge Kosik)
CORRECTIONS, et al.,

    Defendants

## MEMORANDUM

James Flores, an inmate confined at the State Correctional Institution at Rockview (SCI-Rockview), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Presently before the court for disposition in the above matter are motions to stay discovery pending disposition of pending motions to dismiss (Doc. 36), Plaintiff's motion for sanctions (Doc. 39), and Plaintiff's motion to compel compliance with discovery (Doc. 45).

I. **Procedural History**

This action proceeds on an amended complaint. (Doc. 9.) On December 3, 2012, Defendant Corizon filed a motion to dismiss (Doc. 21) which is fully briefed. On December 17, 2012, the Corrections Defendants filed a motion to dismiss (Doc. 25) which is also fully briefed. On January 7, 2013, the Corrections Defendants

submitted a motion to stay discovery pending disposition of the motions to dismiss. (Doc. 36.) Thereafter, Plaintiff filed a motion for sanctions on January 14, 2013 (Doc. 40). A motion to dismiss the complaint was filed by Defendant Sanders on January 28, 2013. (Doc. 44.) This motion is also fully briefed. On January 29, 2013, Plaintiff filed a motion to compel compliance with his discovery requests. (Doc. 45.) Also pending are motions filed by Plaintiff for a preliminary injunction (Doc. 49) and to supplement his pleadings (Doc. 55).

## II. Discussion

### A. Motion to Stay Discovery

Defendants' seek to stay discovery pending resolution of the outstanding motions to dismiss. In support thereof, they state that the resolution of the pending motions to dismiss are likely to lead to the dismissal of some or all of the claims in this action. The court has broad discretion to stay discovery pending a dispositive motion. Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1560 (11th Cir. 1985). A stay is proper where the likelihood that a motion to dismiss may result in a narrowing or outright elimination of discovery outweighs any likely harm from the delay. 79th St. Baptist Church v. St. Peters Episcopal Church, 190 F.R.D. 345, 349 (E.D. Pa. 2000).

The Third Circuit, in Mann v. Brenner, 375 F. App'x 232, 239-40 (3d Cir. 2010), stated that staying discovery while evaluating a motion to dismiss may be

2

appropriate in certain circumstances. For instance, staying discovery would be appropriate while evaluating a motion to dismiss where, if the motion to dismiss is granted, discovery would be futile. Id. (citing Iqbal, 129 S.Ct. at 1954)("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery."). Furthermore, in Mann, the Third Circuit states:

> A Motion to Dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and therefore need not be decided on its face without extensive factual development. See Neitzke v. Williams, 490 U.S. 319, 326-27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(the purpose of Rule 12(b)(6) is to "streamline [] litigation by dispensing with needless discovery and factfinding); Chudasama v. Mazda Motor Corp., 12 F.3d 1353, 1367 (11th Cir. 1997)("A motion to dismiss based on failure to state a claim for relief should ... be resolved before discovery begins."); Rutman Wine Co. V. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987)(the idea that discovery should be permitted before deciding a motion to dismiss "is unsupported and defied common sense [because] the purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."). Accordingly, the District Court did not abuse its discretion in staying discovery pending resolution of the motions to dismiss.

Mann v. Brenner, 375 F. App'x at 239-40. For these reasons, the court will grant Defendants' motion to stay discovery pending resolution of the outstanding motions to dismiss. In light of the procedural posture of this case, little, if any, prejudice will result to Plaintiff by granting a stay. In light of this decision, Plaintiff's pending motion to compel compliance with discovery (Doc. 45) will also be denied.

3

B.  **Plaintiff's Motion for Sanctions**

Also pending on the docket is a motion filed by Plaintiff wherein he seeks sanctions against Defendants pursuant to a violation of Fed. R. Civ. P. 11(b) which addresses the matter of representations made to the court. The issue of sanctions for such a violation are addressed in Fed. R. Civ. P. 11(c). Plaintiff generally alleges in his motion that Defendants engaged in the "misuse of process for which unnecessary and needless increase in the cost of litigation against the plaintiff" resulted. (Doc. 39.) In his supporting brief, he claims that Defendants sent him a correspondence on December 17, 2012, purporting to have served a motion to dismiss his amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) and a brief in support thereof. It is unclear in reviewing Plaintiff's filing if he is claiming that: (1) he did not receive those documents from Defendants; (2) he did receive the documents, but not on that date; or (3) that he received the documents, but that they were not responsive to the allegations raised in the amended complaint.[1]  As such, because the court is confused as to why Plaintiff requests sanctions against Defendants, his motion will be denied without prejudice at this time.  If Plaintiff would like to file a new motion and specify why he seeks sanctions, he is certainly free to do so. An appropriate order

---

[1] At one point in his brief, Plaintiff states that Corrections Defendants failed or were reluctant to file a responsive pleading to the allegations listed against them in the amended complaint. (Doc. 40 at 3.) The court further notes that Plaintiff has filed opposition to Defendants' motion to dismiss.

4

follows.