UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
MAY 24 2013
PER _____
DEPUTY CLERK

JAMES FLORES,

    Plaintiff

v. : CIVIL NO. 3:CV-12-1149

PENNSYLVANIA DEPARTMENT OF : (Judge Kosik)
CORRECTIONS, et al.,

    Defendants

## MEMORANDUM

**I.   Background**

In this civil rights action filed pursuant to 42 U.S.C. § 1983, Plaintiff James Flores sets forth claims with respect to the failure of Defendants to provide him with proper eye care. The matter proceeds on an amended complaint filed on July 30, 2012 (Doc. 9), wherein Flores specifically references the delay in treatment with respect to his attempts to go through sick call to have his vision tested and his trifocals repaired. He also raises claims with respect to corporate and professional negligence, the negligent infliction of emotional distress, and the denial of equal protection. In this Memorandum, the court will address Plaintiff's motion to file supplemental pleadings and his motion for preliminary injunctive relief. For the reasons that follow, both motions will be denied.

II. **Discussion**

A. **Motion for Supplemental Pleadings**

On March 12, 2013, Flores filed a "Motion for Supplemental Pleadings" (Doc. 55). In the brief in support of the motion, he appears to seek to "beef up" his allegations with respect to Defendant Sanders. He states that "until January 2, 2013, he was not aware that Defendant Sanders would even join in the proceedings" since Sanders did not initially file a response to the complaint. (Id. at 3.) He further states that it was not until after he moved for default against Defendant Sanders that Sanders made an effort to rebut the claims asserted against him. Based on the foregoing, Flores now seeks to "supplement" his amended complaint to allege additional facts with respect to his claims against Sanders, events that took place prior to the filing of this action. Flores appears to want to add a claim of retaliation against Sanders based upon facts known to him before he commenced this action.

Rule 15(d) of the Federal Rules of Civil Procedure governs supplemental complaints and provides in part that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened <u>after the date of the pleading to be supplemented</u>." (Emphasis added.) However, "when the matters alleged in a supplemental pleading have no relation to the claim originally set forth and joinder will not promote judicial economy or the speedy disposition of the dispute between

2

the parties, refusal to allow the supplemental pleading is entirely justified." Wright & Miller, Federal Practice & Procedure: Civil § 1506 at 551 (1971). A supplemental pleading cannot be used for the purpose of trying a new matter or a new cause of action.

Further, it is within the sound discretion of the trial court whether to grant a motion for leave to file a supplemental complaint. Factors to be considered in making this determination include the promotion of a justiciable disposition of the case, the delay or inconvenience in permitting a plaintiff to supplement the complaint, and any resulting prejudice to other parties in the action. Yates v. Painter, No. 3:CV-05-1723, 2009 WL 1321553 at 2 (M.D. Pa. May 12, 2009); Nottingham v. Peoria, 709 F. Supp. 542, 544 (M.D. Pa. 1988). It has been held that a court may deny leave to file a supplemental complaint where the new proposed pleading related only indirectly to the original complaint and the new alleged cause of action arose from a body of facts unrelated to those set forth in the original complaint. Id.

In the instant case, it is clear that the basis of Flores' additions to this action do not arise out of the transactions or events occurring since the filing of this case. Rather, they involve matters which occured prior to the commencement of this action and which could have been alleged in the original or the amended complaint submitted thereafter. It appears that after reviewing Sanders' motion to dismiss, Flores has decided he would like to include additional facts to support his claims

against Sanders and to now include a claim of retaliation against him. These are all facts that could have been previously alleged in this action, and were not. They do not concern incidents related to those in the complaint which occurred after the filing of the complaint. For these reasons, no proper basis exists for allowing supplementation of the complaint and the motion will be denied.

**B.     Motion for Preliminary Injunction**

On February 12, 2013, Flores filed a motion seeking preliminary injunctive relief in this action. (Doc. 49.) In the motion, he seeks said relief against Defendants John Wetzel, Secretary of the Department of Corrections, and Marirosa Lamas, Superintendent of SCI-Rockview. He contends that on the evening of January 30, 2013, he received an envelope with one (1) page included, alleging that the envelope contained a motion to dismiss pursuant to Rule 12(b)(6) with an attached memorandum of law in support of the motion submitted by Defendant Sanders. The postage was in the amount of $3.50 and, as such, further verified that more than one (1) page must have been originally included in the mailing. Based on the foregoing, Flores believes that his mail was tampered with by someone at SCI-Rockview. He seeks to have this court direct Defendants Wetzel and Lamas to enforce the policies and regulations with respect to the incoming legal mail of inmates.

An injunction is an "extraordinary remedy" that is never awarded as of right.

Winter v. Natural Resources Defense Council, __ U.S. __, 129 S. Ct. 365, 375, 172 L. Ed. 2d 249 (2008). The Third Circuit Court of Appeals has outlined four factors that a court ruling on a motion for a preliminary injunction must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Rogers v. Corbett, 468 F.3d 188, 192 (3d Cir. 2006); Crissman v. Dover Downs Entertainment Inc., 239 F.3d 357, 364 (3d Cir. 2001); see also United States v. Bell, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003). These same factors are used to determine a motion for a temporary restraining order. Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994). It is the moving party that bears the burden of satisfying these factors. Adams v. Freedom Forge Corp., 204 F.3d 475, 486 (3d Cir. 2000). While each factor need not be established beyond a reasonable doubt, they must combine to show the immediate necessity of injunctive relief. Stilp v. Contino, 629 F. Supp. 2d 449, 457 (M. D. Pa. 2009), citing Swartzwelder v. McNeilly, 297 F.3d 228, 234 (3d Cir. 2002).

    The moving party must produce evidence sufficient to convince the court that all four factors favor injunctive relief, and the court must endeavor to balance all four factors; however, as a practical matter, likelihood of success on the merits and irreparable injury are the most important factors. See Am. Tel. & Tel. Co. v.

Winback and Conserve Program, Inc., 42 F.3d 1421, 1427 & n. 8 (3d Cir. 1994).

To establish a reasonable probability of success on the merits, the moving party must produce sufficient evidence to satisfy the essential elements of the underlying cause of action. See Punnett v. Carter, 621 F.2d 578, 582-83 (3d Cir. 1980); McCahon v. Pa. Tpk. Comm'n, 491 F. Supp. 2d 522, 527 (M.D. Pa. 2007). In determining whether success is likely, the court must look to the legal principles controlling the claim and the potential defenses available to the opposing party. See BP Chems. Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 264 (3d Cir. 2000).

Defendants have filed a brief in opposition to Plaintiff's motion for injunctive relief. They raise two arguments. The first is that the issue presented in the motion is not an issue raised in the pending amended complaint. Defendants' argument is well-taken. A court issues a preliminary injunction in a legal action only to preserve the status quo and to prevent irreparable harm until the court has the opportunity to rule on the merits of the lawsuit. See Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). In the instant action, Flores' amended complaint sets forth allegations with respect to the lack of eye examinations and care associated with his glasses. If Plaintiff wants to pursue new claims that have arisen with respect to mail interference, they should be advanced in another lawsuit.

Second, there is no irreparable harm facing Flores with respect to the pending matter. The "requisite feared injury or harm must be irreparable - - not merely serious or substantial," and it "must be of a peculiar nature, so that compensation in

6

money cannot atone for it." Glasco v. Hills, 558 F.2d 179, 181 (3d Cir. 1977). Flores has not only failed to demonstrate that the challenged mail was of the sort protected from being properly opened by mailroom staff prior to delivery, but has also failed to establish that Defendants Wetzel and/or Lamas have any knowledge of any purported violation or personal involvement in it. More importantly, any injury sustained is not irreparable and can be pursued in a lawsuit. It is also worth noting that Flores has not suffered any injury with respect to responding to the motion to dismiss of which he speaks in that the docket reveals that he has submitted opposition to the motion. For these reasons, the court will deny the instant motion for a preliminary injunction. An appropriate order follows.