UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
SEP 3 0 2013
PER _____
DEPUTY CLERK

JAMES FLORES,

    Plaintiff

v.

PENNSYLVANIA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants

CIVIL NO. 3:CV-12-1149

(Judge Kosik)

## Memorandum and Order

### I. Background

Plaintiff, James Flores, filed this civil rights action pursuant to 42 U.S.C. § 1983 while confined at the State Correctional Institution at Rockview, Pennsylvania. It appears that Flores has recently been released from prison. (Doc. 73, Change of Address.) The matter proceeds on an amended complaint and concerns the lack of adequate eye care in violation of the Eighth Amendment. Specifically, the complaint sets forth allegations with respect to Plaintiff's attempts to have his trifocal glasses repaired while at SCI-Rockview. Named as Defendants in the amended complaint are the Pennsylvania Department of Corrections and its Secretary, John Wetzel, and the following SCI-Rockview employees: Marirosa Lamas, Facility Manager; W. Ted Williams, Health Care Administrator and K. Miller, Lab Technician. Also named as

Defendants are Corizon, the entity that provides medical professionals to SCI-Rockview, and Dr. Sanders. All Defendants, with the exception of Defendant Miller, have been dismissed from this action. (Docs. 68, 69, 72.) For the reasons that follow, Miller will be dismissed from this action, and the Clerk of Court will be directed to close this case.

## II. Discussion

Defendant K. Miller was identified by Plaintiff in the amended complaint as a lab technician employed in the medical department at SCI-Rockview. Service of the amended complaint was directed on all defendants, including Miller, on October 12, 2012. (Doc. 14.) Waiver of Service was returned unexecuted on Miller on November 1, 2012, with the following notation "Unable to Serve-No Forwarding Address available - Please provide USMS with address for service to be executed." (Doc. 16.)

On December 3, 2012, Plaintiff filed a "Notice of Motion of Default Judgment" with respect to Defendant Miller. (Doc. 23.) Thereafter, on December 26, 2012, he filed a "Motion for Default Judgment" as to Miller. (Doc. 29.) On May 21, 2013, Plaintiff's motion for default was denied in that service of the complaint was never achieved with respect to Miller, and Plaintiff was directed to provide a current address where the complaint could be served on Miller. (Doc. 62.)

On June 6, 2013, an order was again issued by the court directing Plaintiff to provide an accurate address to allow service of the complaint on Defendant Miller.

(Doc. 69.) On the same date, Plaintiff filed a document providing the court with the following information with respect to Miller: Kattie Miller, Wexford Health Sources Inc., 425 Holiday Drive, Pittsburgh, PA, 15220. (Doc. 67.) Clearly, the court's order and Plaintiff's submission must have crossed in the mail. In any event, an order was issued by the court on June 11, 2013, directing the Clerk of Court to provide a copy of the amended complaint to the United States Marshal for service on Miller at the new address provided by Plaintiff. (Doc. 70.) On September 16, 2013, the Waiver of Service was again returned unexecuted with respect to Miller with the notation that "Defendant Kattie Miller has never been an employee of Wexford Health." (Doc. 74.)

"If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiff has been directed that it is his responsibility to provide the court with information regarding Miller for purposes of effectuating service. Service has been attempted at two (2) separate addresses as provided by Plaintiff. Each waiver of service has been returned unexecuted, and no further information exists in the record with respect to the whereabouts of Defendant Miller. Consequently, Miller will be dismissed from this action pursuant to Federal Rule of Civil Procedure 4(m).

3

ACCORDINGLY, THIS 30th DAY OF SEPTEMBER, 2013, IT IS

HEREBY ORDERED AS FOLLOWS:

1. Defendant Miller is **dismissed from this action** pursuant to Fed. R. Civ. P. 4(m). The Clerk of Court is directed to terminate this Defendant.

2. The Clerk of Court is directed to **close this case**.

3. Any appeal from this order will be deemed will be deemed frivolous, without probable cause and not taken in good faith.

_____
EDWIN M. KOSIK
United States District Judge